Electronically Filed
Intermediate Court of Appeals
30039
31-AUG-2011
08:23 AM

NO. 30039

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RAYMOND L. FOSTER, aka "RAY", Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 06-1-0449(1))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Leonard, JJ.)


Defendant-Appellant Raymond L. Foster (Foster) appeals from the Judgment entered by the Circuit Court of the Second Circuit (Circuit Court)[1] on August 12, 2009. Foster was convicted of promoting a dangerous drug in the third degree (Count 1) and promoting a detrimental drug in the third degree (Count 7).[2] The Circuit Court sentenced Foster to five years of imprisonment on Count 1, with a mandatory minimum term of one

---

[1] The Honorable Joel E. August presided over the proceedings relevant to this appeal.

[2] After a pre-trial dismissal of certain counts, the Circuit Court renumbered the counts for trial. In this Summary Disposition Order, we will refer to the counts as they were originally numbered in the indictment. The Circuit Court granted Foster's post-trial motion for judgment of acquittal on Counts 5 and 6 of the indictment, which charged Foster and co-defendant Philip P. Malano, as principals and/or accomplices, with being felons in possession of a firearm (Count 5) and felons in possession of ammunition (Count 6). The State of Hawai'i has filed a separate appeal from the Circuit Court's order granting Foster's post-trial motion for judgment of acquittal on these counts.

year and eight months as a repeat offender, and thirty days of imprisonment on Count 7. The Circuit Court imposed these terms to run concurrently with each other and with any term Foster was serving in other cases.

On appeal, Foster challenges the Circuit Court's denial of his motion to suppress evidence. We affirm.

I.

A.

Officers Larry Pacheco and John Yamamoto of the Department of Land and Natural Resources (DLNR) stopped a vehicle because they suspected that the vehicle's occupants were involved in illegal night hunting.[3/] Foster was driving the vehicle which had three additional occupants. Upon approaching the vehicle, Officer Yamamoto heard a sound that he thought had been made by the slide mechanism of a firearm, and both officers saw an ammunition clip on the front seat. While the back-seat passengers were exiting the vehicle, Officer Yamamoto saw a rifle on the floor behind the front passenger seat, and he seized the rifle.

Officer Pacheco informed Foster that he was under arrest for a place to keep firearm offense and advised Foster of his Miranda rights. Foster waived his rights and made a statement. Officer Pacheco also asked Foster, who was a registered owner of the vehicle, for consent to search the vehicle. Foster refused and explained that he had contraband, "a couple joints," in the vehicle.

Maui Police Department (MPD) Officer James Kahuhu arrived at the scene. Officer Kahuhu readvised Foster of his Miranda rights, which Foster again waived. Officer Kahuhu

_____

[3/] Hawai'i Administrative Rules (HAR) §§ 13-123-6 and 13-123-7 (1999) provide as follow:

§ 13-123-6 **Hunting hours.** Hunting is permitted from one-half hour before sunrise to one-half hour after sunset. No person shall hunt from one-half hour after sunset to one-half hour before sunrise, except where specified differently.

§ 13-123-7. **Artificial light prohibited.** No person shall hunt game mammals with the use of artificial light."

presented Foster with an MPD consent to search form and read the form to Foster. Foster signed the form and consented to the search of his vehicle. During the search of the vehicle, the Officers recovered ammunition and various drugs and drug paraphernalia.

B.

Foster filed a motion to suppress evidence obtained as the result of the stop and search of his vehicle. He argued that the DLNR officers lacked reasonable suspicion for the stop and that his consent to search was involuntary. After holding evidentiary hearings, the Circuit Court issued a written order denying the motion, which included detailed findings of fact and conclusions of law.

With respect to the stop of the vehicle, the Circuit Court made findings and conclusions, including that: (1) at 2:05 a.m., Officers Pacheco and Yamamoto were conducting checks for illegal night hunting; (2) the officers were in a remote area where illegal night hunting was known to occur; (3) from the top of a hill, the officers noticed a beam of light panning mauka and makai several times, in a manner consistent with the use of a spot light for illegal night hunting; (4) the light appeared to be moving towards them so the officers partially blocked the road and waited; (5) the officers stopped Foster's vehicle, which was the only vehicle in the remote area, as it slowly approached them; (6) based on the officers' experience, the activities they observed were consistent with illegal night hunting; and (7) the officers had reasonable suspicion based on articulable facts to stop Foster's vehicle.

With respect to Foster's consent to search, the Circuit Court made findings and conclusions, including that: (1) Officer Kahuhu presented the consent to search form to Foster and reviewed the form with Foster; (2) Officer Kahuhu advised Foster that he had the right to refuse to consent to search; (3) Officer Kahuhu also advised Foster that his vehicle could be towed and impounded because the officers had sufficient evidence to obtain a search warrant for the vehicle; (4) Foster, as "an individual

with some experience involving the criminal justice system, was undoubtedly aware that his [previously] volunteered information about the presence of drugs and drug paraphernalia could likely provide the basis for a warrant"; (4) Foster signed the consent to search form and gave the officers permission to search the vehicle; (5) there was no evidence of a prolonged interrogation, and Officer Kahuhu testified that he did not use force or threats of force or make promises to obtain Foster's consent; (6) there was no evidence that the consent to search was coerced; and (7) under the totality of the circumstances, Foster's consent to search was voluntary.

II.

On appeal, Foster argues that the Circuit Court erred in denying his suppression motion because: (1) the DLNR officers did not have reasonable suspicion to stop Foster's vehicle; and (2) Foster's consent to search was not voluntary.  We conclude that Foster's arguments lack merit.  We resolve Foster's arguments as follows:

1.   The Circuit Court did not err in ruling that the DLNR officers had reasonable suspicion to stop Foster's vehicle. The Circuit Court's factual findings were not clearly erroneous. Based on these factual findings and the evidence presented, the DLNR officers had "specific and articulable facts which, taken together with rational inferences from those facts," provided them with reasonable suspicion to believe that Foster was engaged in illegal night hunting and to stop Foster's vehicle for further investigation.  State v. Spillner, 116 Hawai'i 351, 357, 173 P.3d 498, 504 (2007) (internal quotation marks and citations omitted).

2.   The Circuit Court did not err in ruling that Foster's consent to search was voluntary.  The Hawai'i Supreme Court has stated:

> [W]hether consent to search has been given voluntarily is a question of fact to be determined by the trial court from the "totality of all the circumstances."  Considerable deference must be given in this regard to the findings of the trier of fact, who is best situated to decide the question of voluntariness. . . .

4

> The power to judge credibility of witnesses, resolve conflicts in testimony, weigh evidence and draw factual inferences, is vested in the trial court. On appeal[,] all presumptions favor proper exercise of that power, and the trial court's findings -- whether expressed or implied -- must be upheld if supported by substantial evidence.
>
> *The role of the reviewing court on this issue is thus quite limited.*

State v. Kaleohano, 99 Hawai'i 370, 381, 56 P.3d 138, 149 (2002) (ellipsis points, certain brackets, and emphasis in original) (quoting State v. Patterson, 58 Haw. 462, 468, 571 P.2d 745, 749 (1977)). We conclude that there was substantial evidence to support the Circuit Court's finding, under the totality of all the circumstances, that Foster's consent was voluntary. We therefore uphold the Circuit Court's decision.

III.

We affirm the August 12, 2009, Judgment of the Circuit Court.

DATED: Honolulu, Hawai'i, August 31, 2011.

On the briefs:

Cynthia A. Kagiwada
for Defendant-Appellant

Renee Ishikawa Delizo
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge